IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:19-cr-00121 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY PERRY, | ) | DEFENDANT'S MOTION TO |
| | ) | SUPPRESS EVIDENCE |
| Defendant. | ) | |

COMES NOW, the defendant, Larry Perry, through counsel, and moves to suppress certain evidence obtained in this case. In support of this motion, the defendant states as follows:

1. Larry Perry is charged in an indictment with possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2. The charges in this case stem from a June 28, 2019, drive-by shooting that transpired on the 1700 block of 22nd Street in Des Moines. A group of people were sitting on a retaining wall next to the sidewalk, and standing on the sidewalk near the driveway of 1720 22nd Street, when a black car traveling north on the street pulled up, stopped, and a light-skinned black male driver began shooting. One of the people in the group then ran into the street and shot at the black car as it drove off. Two individuals were struck during the shooting, one of whom died at the scene. Responding law enforcement officers eventually entered the 1720 22nd home without a search warrant, during which firearms and signs of drug trafficking were

observed.  Officers then sought a search warrant to seize the observed items, and to reenter and further search.

3.     While law enforcement officers were waiting to obtain the warrant, Mr. Perry arrived at the scene and made statements indicating that he was the sole occupant of the residence, denying any knowledge of the illegal activity observed in the home, and indicating he had no knowledge about what was transpiring.  Officers seized his cellular phone at that time, and later obtained a federal search warrant for its contents, based on what was observed during the first illegal entry into the home.

4.     Mr. Perry argues that law enforcement officers did not have exigent circumstances to justify the illegal entry into his residence without first obtaining a search warrant, and that his Fourth Amendment Rights under the United States Constitution were violated.  Because the initial unlawful entry into the residence led to the officers seeing signs of illegal drug activity and possession of firearms, which then formed the basis for the search warrants obtained to reenter and further search the house, predicated the basis for the manner in which Mr. Perry was questioned when he arrived on the scene, and was also again the basis for the warrant later issued to search the contents of Mr. Perry's cellular phone, all the evidence seized and acquired in this case stems from the initial illegal entry, and must be suppressed as the fruits of the initial illegal entry into his home.

5.     Mr. Perry further notes that the search warrants lack probable cause if the observations made during the initial illegal entry into the residence are stricken from consideration, and cannot otherwise facially pass muster.

6. Mr. Perry further notes that the good faith exception to the exclusionary rule cannot excuse the illegal entry by law enforcement officers in this case, and exclusion of the evidence is necessary to deter law enforcement from engaging in such action again in the future.

7. The fruits of the searches and the interview in this case, all of which stem from the initial illegal warrantless entry into Mr. Perry's home, must be suppressed.

8. A brief in support of this motion accompanies this filing, and referenced exhibits will be provided.

WHEREFORE, the defendant respectfully requests that the Court suppress all evidence obtained in this case against Mr. Perry stemming from the initial warrantless entry into his home and the observations made during that illegal and unjustifiable action.

Respectfully submitted,

 */s/ Joseph Herrold*
Joseph Herrold, Assistant Federal Public Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
Capital Square
400 Locust Street, Suite 340
Des Moines, IA 50309-2353
Phone: 515-309-9610
Fax: 515-309-9625
Email: joe_herrold@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2019, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

 */s/ Mindy Guynn*, Paralegal